UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISON

| | |
|---|---|
| **STEVE SIKICH DBA THE SIKICH LAW FIRM** | **CASE NO. 2:21-CV-2802** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SCOTTSDALE INSURANCE COMPANY** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before this Court is a Motion to Dismiss [doc. 15] by defendant Scottsdale Insurance Company ("Scottsdale"), seeking a dismissal of claims brought by plaintiff, Steve Sikich d/b/a The Sikich Law Firm ("Sikich"). The motion is unopposed.

### I.
### BACKGROUND

On August 24, 2021, Sikich filed a complaint against Scottsdale in this court seeking damages to Sikich's place of business located at 309 E. Sallier Street, Suite B, in Lake Charles as a result of Hurricane Laura on August 27, 2020, and by Hurricane Delta on October 9, 2020. The damages complained of are for monetary losses due to business interruption, business income, and extra expenses, as well as a potential claim for damages for contents and statutory penalties. In the complaint, it is alleged Scottsdale insured Sikich under Policy Number CPS7231569. At the time both hurricanes made landfall in Calcasieu Parish, Louisiana, this policy was active. Doc. 1.

While the policy provides various forms of property coverage, it also contains the following exclusion:

1

> **WINDSTORM OR HAIL**
> We will not pay for loss or damage:
> > 1. Caused directly or indirectly by Windstorm or Hail, regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage; or
> > 2. Caused by rain, snow, sand or dust, whether drive by wind or not, if that loss or damage would not have occurred but for the Windstorm or Hail.

Doc. 18, p. 106. The exclusion also provides that it modifies the policy and deletes "windstorm or hail" as covered causes of loss under other sections of the policy. *Id.*

Scottsdale now moves to dismiss the complaint based on this exclusion. Doc. 15. Sikich has filed no opposition to the motion and his time for doing so has passed. Accordingly, the motion is regarded as unopposed.

## II.
## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches*

*Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III.
### APPLICATION

A federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Erie Railroad Co. v. Thompkins*, 304 U.S. 64 (1938); *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Under Louisiana Law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Barrios v. Centaur, LLC*, 2021 WL 2680104, at *2 (E.D. La. June 30, 2021) (citing *Mayo v. State Farm Mut. Auto. Ins. Co.*, 869 So. 2d 96, 99 (La. 2004)). The contract must be interpreted as a whole, with each provision reviewed in light of the others. *Calcasieu Par. Sch. Bd. v. Miller*, 92 So. 3d 1200, 1202 (La. Ct. App. 3d Cir. 2012).

"When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046). When the terms are ambiguous, however, that ambiguity must be construed against the insurer and in favor or coverage. *Id.* at 589-590. Still, the principle of strict "construction of insurance contracts

does not authorize a perversion of the words, or the exercise of inventive powers to create an ambiguity where none exists." *Peterson v. Schimek*, 729 So.2d 1024, 1029 (La. 1999). Unless there is a violation of statutory provisions or public policy, "insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume." *Carbon v. Allstate Ins. Co.*, 719 So.2d 437, 440 (La. 1998). Yet, "[e]xclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured." *Ledbetter v. Concord Gen. Corp.*, 665 So.2d 1166, 1169 (La. 2006).

On a Rule 12(b)(6) motion to dismiss, the court focuses on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). However, the court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). The Scottsdale Policy is properly considered under this motion, as it is referenced in the complaint and central to Sikich's claims.

Scottsdale maintains that Sikich has failed to state a claim for which relief can be granted because the windstorm storm exclusion is a complete bar to coverage. The language of the policy is unambiguous and there is no dispute that Sikich's claimed losses are due to Hurricanes Laura and Delta. Sikich has provided no additional information as it relates to the alleged policy coverage, nor has he sought leave to amend his complaint. Upon review, the court agrees that Scottsdale's exclusion provides a complete defense against recovery.

## IV.
## CONCLUSION

For the reasons set forth above, the Motion to Dismiss [doc. 15] will be granted and all claims in this matter will be dismissed with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 7th day of January, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**